**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STYAUNO CARTER,<br><br>                Plaintiff,<br><br>        v.<br><br>MIGUEL LOPEZ, et al.,<br><br>                Defendants. | **1: 14-cv-01818-AWI-GSA**<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE COMPLAINT WITHOUT LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff Styauno Carter ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the complaint in this action on November 20, 2014.  Doc. 1.  Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 against the Fresno County Public Defenders' office, Miguel Lopez, an attorney at the Public Defender's Office, and an unnamed court-appointed attorney and investigator from Ciummo and Associates, the alternate public defender for Fresno County (collectively, "Defendants").  Doc. 1 at 2.  Plaintiff alleges that the Defendants violated his constitutional rights in the course of representing him in a criminal action evidently pending in

the Fresno County Superior Court.  Upon an initial review of Plaintiff's complaint for legal sufficiency pursuant to 28 U.S.C. § 1915(e)(2), the Court recommends that the complaint be dismissed in its entirety, without leave to amend.

## DISCUSSION

### A.     Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if it determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies in the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  More specifically, the plaintiff must present sufficient factual allegations as to each claim against each defendant.  *Iqbal*, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting *Iqbal's* plausibility standard.  *Iqbal*, 129 S.Ct. at 1949-50; *Moss*, 572 F.3d at 969. While well-pleaded factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 129 S.Ct. at 1949.

Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*). Accordingly, pro se plaintiffs are afforded the benefit of any doubt. *Id*.

**B.     Plaintiff's Allegations**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against his public defender (Miguel Lopez), the Fresno County Public Defenders' office, and an unnamed court-appointed attorney and investigator from the alternate public defender's office (Ciummo and Associates), all of whom apparently represented him—or, in the case of the investigator, worked at the direction of Plaintiff's attorney—in a criminal case pending in the Fresno County Superior Court. Specifically, Plaintiff alleges that "[t]he Defendants have violated [his] civil rights to due process and equal protection under the law and the right to adequate and effective representation." Doc. 1 at 3. Plaintiff seeks an "injunctive order, compelling the investigation of legal malpractice regarding the criminal case proceedings and illegal pleas as well as misconduct by officers of the Court." Doc. 1 at 4. In addition, Plaintiff seeks "professional sanctions" and "monetary damages equal to lost wages and punitive damages based on preventable incarceration." Doc. 1 at 4.

**C.     Analysis**

**1.   The Defendants Cannot be Liable under § 1983 Because they are not Sate Actors**

The Civil Rights Act, 42 U.S.C. § 1983, provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured

3

by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law").

Plaintiff asserts that he was denied due process and equal protection, as well as competent assistance of counsel, by his public defender and other court-appointed counsel, in the course of their representation of him. It is well-settled, however, that attorneys do "not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (upholding dismissal of a § 1983 claim brought by a pro se prisoner against a public defender alleging that the defender failed to adequately represent him in criminal proceedings);[1] *accord Vermont v. Brillon*, 129 S.Ct. 1283, 1291–92 (2009); *Miranda v. Clark County of Nevada,* 319 F. 3d 465, 468 (9th Cir. 2003) (upholding dismissal of a § 1983 complaint on the basis that public defender was acting in his role as plaintiff's attorney, whereby he was not representing the interests of the state). Thus, Plaintiff does not state a cognizable § 1983 claim against Attorney Lopez, the public defender's office, or his court-appointed attorney from the alternate public defender's office. Similarly, Plaintiff cannot state a claim against his court-appointed investigator, as an investigator is subject to the direction of the attorney in the course of the attorney performing his traditional function.

**2. Plaintiff's § 1983 action is Subject to the *Heck* Bar**

Even if Plaintiff were able to plausibly allege that the Defendants were state actors, Plaintiff's action is barred pursuant to the *Heck* doctrine. In *Heck v. Humphrey*, the Supreme Court held that a plaintiff may not recover damages under 42 U.S.C. § 1983 for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he first proved that the conviction or sentence has been "reversed on direct appeal, expunged by executive order,

---

[1] In *Polk County*, the Court reaffirmed that "a person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 317–18 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Representing a client, the Court said, "is essentially a private function ... for which state office and authority are not needed." *Id*. at 454 U.S. at 319.

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The *Heck* bar was again addressed by the Supreme Court in *Wilkinson v. Dotson*, 544 U.S. 74 (2005). The Court reiterated that a § 1983 action was not cognizable if success in the action would necessarily demonstrate the invalidity of an outstanding criminal judgment, conviction or sentence. *Wilkinson*, 544 U.S. at 81-82. *Wilkinson* further clarified that although *Heck* dealt with a § 1983 suit for damages, the *Heck* bar applies to § 1983 actions "no matter the relief sought (damages or equitable relief)…*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* (emphasis in original).

Plaintiff seeks an injunction regarding his "illegal plea" as well monetary damages for his "preventable incarceration." Doc. 1 at 4. Although, the procedural history of Plaintiff's criminal case is not entirely clear from the complaint, Plaintiff may not bring a § 1983 action that would call into question the validity of his conviction or sentence until such time as he can prove that the conviction or sentence has been reversed on direct appeal or undermined by the issuance of writ of habeas corpus. Accordingly, given the posture of Plaintiff's criminal case, he cannot presently state a cognizable claim under § 1983.[2]

**3. The Deficiencies in Plaintiff's Complaint Cannot be Cured by Amendment**

Finally, the deficiencies in Plaintiff's complaint cannot be cured by amendment. Not only is Plaintiff barred from proceeding until his conviction and/or sentence are overturned, Plaintiff cannot cure the deficiencies in his claim against his attorneys and investigator by alleging additional facts. Regarding his § 1983 claim, it is a matter of settled law that the Defendants, in representing Plaintiff in his criminal action, are not state actors. Thus, this deficiency in the complaint cannot be remedied by supplying additional facts concerning the quality of Defendants' representation of Plaintiff. Therefore, the Court RECOMMENDS that Plaintiff's complaint be dismissed without leave to amend.

---

[2] Plaintiff's complaint, filed on November 20, 2014, alleges that the misconduct at issue took place "from February of 2014 to present," during the pendency of the Plaintiff's criminal case at the trial-court level. Doc. 1 at 3.

**RECOMMENDATION**

For the reasons set forth above, the Court recommends that Plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a cognizable claim.

These findings and recommendations are submitted to the District Court Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1)(B).  Within **thirty (30) days** after the date of these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 2, 2015**                         **/s/ Gary S. Austin**
                                                                           UNITED STATES MAGISTRATE JUDGE